AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendants
SEA WORLD LLC and SEAWORLD PARKS &
ENTERTAINMENT, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BENDORF, individually, and on behalf of other members of the public similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SEA WORLD LLC, a Delaware limited liability company doing business as SEAWORLD SAN DIEGO or AQUATICA SAN DIEGO; SEAWORLD PARKS & ENTERTAINMENT, an unknown entity; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **'21 CV 2061 AJB  LL**<br><br>**DEFENDANTS SEA WORLD LLC AND SEAWORLD PARKS & ENTERTAINMENT, INC.'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Corporate Disclosure Statement; Notice of Party with Financial Interest; Declarations of Jeffrey Schwartz and Christopher Hagerman; in Support of Removal]<br><br>Complaint Filed:  August 25, 2021 |

Case No. _____

49471117_2.docx

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF THERESA BENDORF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453, Defendants, SEA WORLD LLC and SEAWORLD PARKS & ENTERTAINMENT, INC. ("Defendants" or "SeaWorld") hereby join in removing the above-entitled action from Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.  Defendants allege the following grounds for removal:

## PROCEDURAL BACKGROUND

1.      On August 25, 2021, Plaintiff filed a Complaint initiating this proceeding against Defendants Sea World LLC and SeaWorld Parks & Entertainment, Inc., in the Superior Court of the State of California for the County of San Diego, entitled *Theresa Bendorf, individually and on behalf of all others similarly situation, Plaintiff, vs. Sea World LLC, a Delaware limited liability company doing business as SeaWorld San Diego; SeaWorld Parks & Entertainment, an unknown entity; and Does 1 through 20, inclusive, Defendants*, Case No. 37-2021-00036521.

2.      Defendant Sea World LLC received service of the Complaint on August 27, 2021.  A copy of the Summons and Complaint, also naming Defendant SeaWorld Parks & Entertainment, Inc., and all other documents served on SeaWorld are attached hereto as Exhibit "A."

3.      On August 26, 2021, the Superior Court issued a Notice of Case Assignment and Case Management Conference, attached hereto as Exhibit "B."

4.      On August 27, 2021, Plaintiff filed and served a Notice of Related Case, Case No 37-2021-00034922-CU-OE-CTL, *Bendorf v. Sea World LLC, et al.*, attached hereto as Exhibit "C."

5.      On August 30, 2021, Plaintiff filed a Proof of Service Summons, a copy

1

49471117_2.docx

of which is attached as Exhibit "D.

6.     On September 22, 2021, Plaintiff filed another copy of the Proof of Service Summons dated August 30, 2021.  A copy of this duplicate Proof of Service is attached as Exhibit "E."

7.     On October 12, 2021, SeaWorld's counsel filed and served a Declaration of Demurring or Moving Party In Support of Automatic Extension.  A copy of Aaron H. Cole's Declaration is attached as Exhibit "F."

8.     On October 12, 2021, Susan M. Wilson filed and served a Notice of Appearance as co-counsel of record for SeaWorld.  A copy of that Notice of Appearance is attached hereto as Exhibit "G."

9.     On October 15, 2021, Defendants filed a Notice of Related Cases, identifying the following:  *Karmelita Jones v. SeaWorld Parks & Entertainment, Inc., et al*. (Lead Case), No. 37-2018-000570057055-CU-OE-CTL, and *Bendorf v. Sea World LLC*, Case No. 37-2021-0034922-CU-OE-CTL.  A copy of Defendants' Notice of Related Cases is attached hereto as Exhibit "H.

10.    On November 12, 2021, Defendants filed and served a Notice of Demurrer, or, in the alternative, Motion to Stay, and Demurrer, Request for Judicial Notice, Declaration of Aaron H. Cole in support thereof, and proposed Order.  A true and correct copy of the Notice of Demurrer or, in the alternative, Motion to Stay and Demurrer is attached hereto as Exhibit "I," the Request for Judicial Notice as Exhibit "J," Aaron H. Cole's Declaration as Exhibit "K," and the proposed Order as Exhibit "L."

11.    Plaintiff's Complaint alleges five causes of action, including (1) Failure to Pay Vested Vacation and Paid Time Off Wages Upon Termination (Labor Code § 227.3); (2) Failure to Pay All Wages Due Upon Separation of Employment (Labor Code §§ 201, 202, and 203); (3) Failure to Provide Accurate Itemized Wage Statements (Labor Code §226(a)); (4) Failure to Recall Laid-Off Employees (San Diego Municipal Code §§ 311.0101 *et seq*.); and (5) Unlawful Business Acts and

2

1    Practices (Business & Professions Code §§ 17200, *et seq*.).

2                    **CLASS ACTION FAIRNESS ACT JURISDICTION**

3        **12.    Basis of Original Jurisdiction.**  The Court has original jurisdiction

4    over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28

5    U.S.C. § 1332(d).  As such, this action may be removed to this Court by Defendant

6    pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

7        **13.    Number of Putative Class Members.**  Plaintiff purports to bring this

8    action on behalf of "[a]ll individuals who were employed by Defendants in the State

9    of California at any time during the period from four years prior to the filing of this

10   complaint to final judgment (the "Relevant Period")," and who fall within one or all

11   of four subclasses: "Vacation Pay Subclass," "Waiting Time Penalty Subclass,"

12   "Wage Statement Class,: and "Failure to Recall Class."  (Complaint ("Compl.")

13   ¶27).  Plaintiff has not alleged the size of the putative class or subclasses, but

14   assuming for purposes of this notice that the putative Waiting Time Penalty Subclass

15   is comprised solely of terminated (rather than laid-off or "furloughed") non-exempt

16   employees employed by SeaWorld at any time from August 25, 2018 to May 24,

17   2021, the putative Waiting Time subclass includes at least **3883 persons**.

18   (Declaration of Christopher Hagerman ("Hagerman Decl.") ¶ 5).

19       **14.    Diversity of the Parties.**  The minimal diversity requirement of 28

20   U.S.C. § 1332(d) is met in this action because the citizenship of at least one class

21   member is diverse from the citizenship of at least one defendant.  *Id*. at (d)(2)(A).

22   Plaintiff, a putative class member, is a citizen of the State of California.  SeaWorld

23   Parks & Entertainment, Inc. is a corporation incorporated under the laws of the State

24   of Delaware with its principal place of business, and the location from which the

25   highest level of officers direct, control, and coordinate, the corporation's activities, is

26   located in Orlando, Florida.  (Declaration of Jeffrey Schwartz, ¶4).  Thus, Defendant

27   Sea World Parks & Entertainment, Inc. is a citizen of Delaware and Florida.  28

28   U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

15. **Amount in Controversy.**  Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

16. **Second Cause of Action – Failure to Pay Wages Due (Waiting Time Penalties).**  Plaintiff alleges "Defendants knowingly and willfully failed to issue Plaintiff and the other class members all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, vested vacation and/or paid time off wages, minimum wages, overtime wages, meal period premium wages, and rest period premium wages." (Complaint ¶ 43).  In particular, Plaintiff alleges that "Defendants knew or should have known that, pursuant to Labor Code sections 201, 202, 203, and 227.3, Plaintiff and the other class members were entitled to receive all wages upon termination of employment, without limitation, vacation wages, paid time off wages, overtime wages, meal period premium wages, and rest period wages upon termination of employment." (Complaint ¶21).  The Complaint further alleges that "Plaintiff and the other class members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies." (Complaint ¶ 66).  The statute of limitations for waiting time penalties under *Labor Code* § 203 is three years.  *Code of Civil Procedure* § 338(a).

17.  Based on a review of Defendants' business records, 3,883 non-exempt putative class members were terminated from August 25, 2018 to May 24, 2021. (Hagerman Decl., ¶ 5).  During that time, which is less than the applicable three-year statutory period, these putative class members received an average hourly rate of $13.30 per hour and worked an average of 5.88 hours per day.  (*Id*.).

18.  Thus, according to Plaintiff's unqualified allegations that "Defendants knowingly and willfully failed to issue Plaintiff and the other class members all wages owed to them pursuant to California Labor Code sections 201 and 202" upon the termination of their employment, these non-exempt class members are entitled to

4

recover at least **$9,109,983.96** in waiting time penalties:  $13.30 (average hourly rate from August 25, 2018 to May 24, 2021) x 5.88 (average hours worked per day) x 30 (maximum days of penalty pay) x 3,883 (number of non-exempt putative class members terminated from August 25, 2018 to May 24, 2021).

19.    As detailed above, the amount placed in controversy by Plaintiff's claims far exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d), even without including potential attorneys' fees or amounts from Plaintiff's other claims.  Accordingly, removal of this action under CAFA is proper under Section 1332(d).

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

20.    **Timeliness of Removal**.  This Notice of Removal is timely.  28 U.S.C. § 1446(b) provides two 30-day windows for removing a case.  Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3), 1453.  In addition, the Ninth Circuit has held that a defendant may remove "when it discovers, based on its own investigation, that a case is removable."  *Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1123 (9th Cir. 2013).  Thus, the two 30-day periods set forth in section 1446(b) are not the exclusive periods for removal.  *Id.* at 1125 ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.").

21.    In short, a CAFA case "may be removed at any time, provided that

neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth*, supra, 720 F.3d at 1126.  *See also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable," a defendant, in effect, "may remove at any time.")

22.    To trigger the 30-day removal periods under § 1441(b), the grounds for removal must be evident from the face of the pleadings.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  That is, the determination of removability is based on the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Id.*  If it is unclear from the complaint whether the case is removable, the pleadings are considered "indeterminate," and the 30-day removal window is not triggered.  *Id.* at 693.  A "defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability."  *Roth*, *supra*, 720 F.3d at 1125.  "Even the simplest of inquiries is not required…[D]efendants are not charged with any investigation, not even into their own records." *Stiren v. Lowes Home Ctrs., LLC*, 2019 WL 1958511, *3 (C.D. Cal. May 2, 2019).  Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, *supra*, 720 F.3d at 1125; *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018).

23.    Here, Plaintiff's Complaint was indeterminate; it was not clear from the face of the Complaint that the case was removable.  The Complaint does not state the number of people in the putative class or subclasses, does not specify anyone's rates of pay, and hours worked, and lacks substantive facts regarding the basis for Plaintiff's claims.  *See, e.g., Zhao v. RelayRides, Inc.*, 2017 U.S. Dist. LEXIS 204415, *32 (N.D. Cal. Dec. 12, 2017) (plaintiff's complaint "did not reveal on its face that

the action was removable under CAFA" where it "contained no specific allegations regarding . . .  the amount of either [the plaintiff's] damages or the damages of the class as a whole"); *Trahan v. U.S. Bank Nat'l Ass'n*, 2014 U.S. Dist. LEXIS 4019, *11-12 (documents were indeterminate and did not trigger 30-day removal deadline where they "did not expressly state that the amount in controversy would exceed $5,000,000...and did not make any specific assertions about the amount of damages that might be available to the class or the value of injunctive relief").  Nor have the Defendants received any other "pleading, motion, order or other paper" in this matter that revealed on its face that this matter was removable under CAFA.  Accordingly, as Defendants remained free to conduct their own investigation of Plaintiff's claims and remove at any time, this removal is timely.

24.    **Venue**. As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the State in which the action is pending.  The state court action was pending in San Diego County Superior Court, which is located within the boundaries of this Court.  Thus, venue is proper in this Court.  28 U.S.C. § 1441(a).

25.    **Copies of Process, Pleadings and Orders**. As required by 28 U.S.C. § 1446, Defendants hereby provide this Court with copies of all process, pleadings, and orders received and/or filed by Defendants in this action (attached as Exhibits "A" –"L" ).  Defendants have not received or served any pleading, process, or order besides those attached.

26.    **Notice to Plaintiff and State Court**.  As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice of filing to Plaintiff, and file a copy of the Notice with the clerk of the San Diego County Superior Court.

27.    **Corporate Disclosure Statement**.  As required by Rule 7.1, Defendants concurrently filed their Corporate Disclosure Statement.

28.    **Notice of Party with Financial Interest**.  As required by Local Rule 40.2, Defendants concurrently filed their Notice of Party with Financial Interest.

29.    In the event this Court has a question regarding the propriety of this

7

Case No. _____

49471117_2.docx

1  Notice of Removal, Defendants request that the Court issue an Order to Show Cause

2  so that Defendants may have an opportunity to address any such question.

3        **30.**    Accordingly, Defendants remove the above-entitled action to this Court.

4

5  DATED: December 9, 2021         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

6

7

8                            By:  /s/ Aaron H. Cole

9                                Aaron H. Cole

10                         Attorneys for Defendants SEA WORLD LLC and SEAWORLD PARKS & ENTERTAINMENT, INC.

11

12                                      49471117.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. _____

DEFENDANTS SEA WORLD LLC AND SEAWORLD PARKS & ENTERTAINMENT, INC.'S NOTICE OF REMOVAL

49471117_2.docx