UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BENDORF, individually, and on behalf of other members of the public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEA WORLD LLC, a Delaware limited liability company doing business as SEAWORLD SAN DIEGO doing business as AQUATICA SAN DIEGO; SEAWORLD PARKS & ENTERTAINMENT, an unknown entity; and DOES 1 THROUGH 25, inclusive,<br><br>Defendants. | Case No.: 21-cv-02061-AJB-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**(Doc. No. 6)** |

Before the Court is Theresa Bendorf's ("Plaintiff" or "Bendorf") motion to remand. (Doc. No. 6.) Sea World LLC and SeaWorld Parks & Entertainment, Inc. ("Defendants" or "Sea World") oppose the motion, and Plaintiff filed a reply. (Doc. Nos. 11, 12.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

## I. BACKGROUND

On August 25, 2021, Plaintiff filed this putative class action in San Diego County Superior Court against Sea World, her former employer. She brought claims for: (1) failure to pay vested vacation wages; (2) failure to timely pay wages upon termination; (3) failure to provide accurate itemized wage statements; (4) failure to recall; and (5) unfair competition under California law. (Doc. No. 1-2, Compl.) Plaintiff's claims stem from her allegation that "[i]n or around April of 2020, Defendants indefinitely laid off thousands of employees with little or no notice in response to the Coronavirus ('COVID-19') pandemic." (*Id.* at ¶ 18.)

On October 15, 2021, Plaintiff filed a motion to intervene in a related state court class action, *Jones v. SeaWorld Parks & Entertainment, Inc.*, Case No. 37-2018-0057 ("*Jones* Action"). (Doc. No. 6-1 at 176.) In the motion, Plaintiff stated that the "[w]aiting time penalties for [her] vacation pay claim alone amount to more than $6 million dollars" and estimated them to "be $6,942,000." (*Id.* at 184, 195.)

On December 9, 2021, Defendants removed this action to federal court. (Doc. No. 1.) Plaintiff thereafter filed the instant motion to remand, arguing that Defendants' removal was untimely. (Doc. No. 6.) This Order follows.

## II. LEGAL STANDARD

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a), (b); 28 U.S.C. §§ 1331, 1332(a). Additionally, under the Class Action Fairness Act ("CAFA"), "a district court has original jurisdiction over a class action where: (1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest." *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019) (internal quotation

marks and citation omitted); *see* 28 U.S.C. § 1332(d)(2), (5)(B), (6).

A plaintiff may move to remand a case back to state court if the defendant's removal of the case was untimely. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). The timeliness of removal is governed by 28 U.S.C. § 1446(b), which identifies two thirty-day periods for removing a case. *Id.* The first is triggered "if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second is triggered "if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Carvalho*, 629 F.3d at 885 (quoting 28 U.S.C. § 1446(b)(3)). "[D]efendants need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations omitted). Remand is "mandatory under section 1447(c) once the district court determine[s] that [the] petition for removal was untimely." *Schmitt v. Ins. Co. of North America*, 845 F.2d 1546, 1551 (9th Cir. 1988) (citations omitted).

## III. DISCUSSION

The issue in dispute is whether Defendants timely removed this case.[1] And the dispositive question is at what point in time were Defendants able to ascertain that the amount in controversy in this action satisfied CAFA's monetary threshold. Plaintiff contends that the allegations in her Complaint were sufficient to enable Defendants to ascertain that the amount in controversy exceeded $5 million, and that their failure to file within thirty days of receiving the Complaint (first thirty-day removal period) warrants a remand. In the alternative, Plaintiff argues that her motion to intervene in the *Jones* Action constitutes "other paper" from which Defendants were able to ascertain that the case was

---

[1] The Court declines to consider arguments that Plaintiff raised them for the first time in her reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

removable, and their failure to file within thirty days of receiving this "other paper" (second thirty-day removal period) warrants a remand. The Court discusses these arguments in turn.

### A.     Timeliness of Removal

#### 1.     Whether Plaintiff's Complaint Triggered the 30-Day Removal Period Under Section 1446(b)(1)

Plaintiff argues that removal was untimely because Defendants could have determined that the amount in controversy requirement was satisfied from the face of her Complaint. (Doc. No. 6.) In support, Plaintiff points to the following allegations in her Complaint: (1) "this case involves 'thousands of employees' who were indefinitely laid off by Defendants in or around April of 2020"; (2) "Defendants failed to pay these employees all wages owed to them upon termination"; and (3) she "seeks recovery of waiting time penalties[.]" (*Id.* at 8.) According to Plaintiff, these allegations were more than enough to allow Defendants to perform straightforward calculations demonstrating that the potential amount in controversy exceeded CAFA's $5 million requirement. (*Id.*) Defendants counter that they could not ascertain the amount in controversy from the Complaint alone because it "does not state the number of people in the putative class or subclasses, does not specify anyone's rates of pay and hours worked, and lacks substantive facts regarding the basis for Plaintiff's claims." (Doc. No. 1 at 6.) The Court agrees.

The Ninth Circuit applies a "bright-line approach" under which the first thirty-day period is triggered "only if removability is ascertainable from examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Carvalho*, 629 F.3d at 886 (internal quotations omitted). The Ninth Circuit adopted this approach "to avoid the spectre of inevitable collateral litigation over whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id.* (alterations omitted).

Here, the Complaint does not specify the total amount in controversy for the proposed class; Plaintiff simply pleads her damages as an amount that "exceed[s] the minimal jurisdiction limits of the Superior Court and will be established according to proof

at trial." (Doc. No. 1-2 at ¶ 1.) While Defendants must apply a reasonable amount of intelligence, which includes multiplying figures clearly stated in a complaint, *see Kuxhausen*, 707 F.3d at 1140, Plaintiff's Complaint does not provide any figures regarding the number of weeks worked by putative class members or their hourly wages. As the four corners of the Complaint does not contain sufficient information from which Defendants could calculate and ascertain that the amount in controversy exceeded $5 million, it falls short of triggering the removal clock under Section 1446(b)(1).

The Court finds without merit Plaintiff's argument that Defendants' own public records and investigation in the *Jones* Action establish that they were on notice that this case was removable at the time it was filed. Defendants' conduct in other cases is irrelevant to the inquiry here, which is limited to what the four corners of Plaintiff's Complaint affirmatively reveals. As previously discussed, the Complaint is indeterminate with respect to removability, and as such, Defendants had no duty of further inquiry. *See Carvalho*, 629 F.3d at 886; *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("[A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.").

Accordingly, because the Complaint does not affirmatively reveal the amount in controversy, the Court does not find that the first thirty-day removal period under Section 1446(b)(1) was triggered. *See Kuxhausen*, 707 F.3d at at 1139 ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."). However, as more fully explained below, the Court finds that Defendants received an "other paper" which triggered the second thirty-day removal period under Section 1446(b)(3).

//
//
//
//
//

## 2. Whether Plaintiff's Motion to Intervene in the *Jones* Action Triggered the 30-Day Removal Period under Section 1446(b)(3)

Plaintiff next argues that because her motion to intervene in the *Jones* Action[2] revealed that the amount in controversy in this action exceeded $5 million, the motion allowed Defendants to ascertain removability and triggered the second removal clock under Section 1446(b)(3). (Doc. No. 6 at 9.) As earlier mentioned, under Section 1446(b)(3), if the initial pleading did not state a removable case, a second thirty-day period is triggered upon "an amended pleading, motion, order, or other paper from which a ground for removal may be 'ascertained'." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021). This removal period "does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Id.* at 1091.

Pertinent here, Section 1446(b)(3) does not define "other paper." In determining whether something is an "other paper," district courts in the Ninth Circuit have held, as a general rule, that "'other paper' must be generated within the specific state proceeding which was removed in order to provide grounds for removal[.]" *Webb Equip. Co. v. Auto Owners Ins. Co.*, No. C10-5138 RBL, 2010 WL 1576731, at *3 (W.D. Wash. Apr. 20, 2010). Several district courts, however, have also applied an exception to this general rule. *See Thomas v. CVS Health Corp.*, No. 2:19-CV-04283-R-FFM, 2019 WL 3526344, at *2 (C.D. Cal. Aug. 1, 2019). "The type of document that constitutes an 'other paper' for the purposes of the statute is broad, reflecting courts' 'embracive construction of the term.'"

---

[2] The parties have filed requests for judicial notice of various documents, including Plaintiff's state court filing of a motion to intervene in the *Jones* Action. Federal Rule of Evidence 201(b) permits judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b) "Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the internet such as websites run by government agencies." *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) (collecting cases). Because the motion to intervene is a publicly available document on file in state court and there is no dispute as to its authenticity, the Court deems it appropriate for judicial notice. Accordingly, the Court **GRANTS** the request for judicial notice as to this document. The Court **DENIES** as moot the requests as to other documents not explicitly referenced in this Order and on which the Court does not rely.

1  *Id.* (citations omitted). Defendants argue that Plaintiff's motion to intervene in the *Jones* Action did not trigger the thirty-day removal clock in this action because it was filed in a different case. The Court disagrees and finds *Thomas v. CVS Health Corp.* instructive.

In *Thomas*, the plaintiff filed two separate actions against the same defendants—one discrimination action and a second action under the California Private Attorneys General Act ("PAGA"). *Id.* at *1. The plaintiff argued that removal of her discrimination action was untimely because a document attached to her separate PAGA complaint was an "other paper" providing notice to the defendants that her discrimination action was removable. *Id.* at *2. The *Thomas* court agreed and found the exception to the general rule that the thirty-day clock is only triggered by an "other paper" in the same case applied. *Id.* at *3. In so finding, the court focused on the fact that both cases involved the same parties, with the exception of one additional defendant. *Id.* Additionally, the cases involved essentially the same facts, and the same attorneys had represented the defendants in both actions. *Id.*

Similar circumstances are present here. Plaintiff's case and the *Jones* Action involve the same defendants: Sea World. And like in *Thomas*, the two cases concern essentially the same class claims, and the same attorneys represent Sea World in each action. While Plaintiff was not the representative plaintiff in the *Jones* Action, the Court does not find this difference significant. Plaintiff was nevertheless a class member, and indeed, through her motion to intervene, sought to be a plaintiff intervenor in the *Jones* Action. Defendants received notice of this. Thus, the Court finds *Thomas* analogous and concludes that Plaintiff's motion to intervene constitutes "other paper" under Section 1446(b)(3).

Turning to the contents of the motion to intervene, Plaintiff explicitly stated therein that the "waiting time penalties for [her] vacation pay claim alone amount[s] to more than $6 million dollars, not including the unpaid wages themselves." (Doc. No. 6-1 at 184). In fact, the motion specified that they amount to at least $6,942,000. (*Id.* at 195.) These statements show that Plaintiff's motion to intervene in the *Jones* Action provided Defendants with unequivocally clear and certain information that the amount in controversy in this case exceeded $5 million.

That Defendants believed Plaintiff's calculations were flawed is unavailing. The relevant inquiry here focuses on the content of the "other paper" and whether it contained unequivocally clear and certain facts supporting removal—not Defendants' subjective evaluation of the calculations. *See Harris*, 425 F.3d at 695 ("We will not require courts to inquire into the subjective knowledge of the defendant[.] . . . Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper."(alteration and citation omitted)); *accord Dietrich*, 14 F.4th at 1094 ("We also believe the "unequivocally clear and certain" standard will solidify the "jurisdictional and procedural interests" we developed in *Harris* to guide our interpretation of removal statutes.").

For the reasons stated above, Defendants had notice on October 15, 2021 that this action was removable under Section 1446(b)(3). They failed to remove the case within thirty days of that notice. Consequently, Defendants' removal of this case was untimely. The case must therefore be remanded under Section 1447(c). *See Schmitt*, 845 F.2d at 1551.

**B. Request for Attorney's Fees**

Lastly, Plaintiff requests attorney's fees under 28 U.S.C. § 1447(c) for improper removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court finds Defendants' removal untimely, Defendants' arguments to the contrary were not objectively unreasonable. As the Ninth Circuit has observed, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Consequently, an award of attorney's fees is not warranted here. Thus, the Court **DENIES** Plaintiff's request for attorney's fees.

**IV.   CONCLUSION**

Based on the foregoing, the Court finds that Defendants failed to timely remove this action. Accordingly, Plaintiff's motion to remand is **GRANTED** (Doc. No. 6). The Clerk of Court is instructed to **REMAND** this case to the San Diego County Superior Court.

**IT IS SO ORDERED.**

Dated:  April 8, 2022

Hon. Anthony J. Battaglia
United States District Judge